63 U.S. 19
 22 How. 19
 16 L.Ed. 279
 J. J. B. WHITE (DEFENDANT) AND GILBERT S. HAWKINS AND
PETER J. COCKBURN, COMPOSING THE FIRM OF OAKEY, HAWKINS,
& CO., AND MRS. W. C. W. FAUST, WIDOW, AND MRS. REBECCA
J. WHITE, AIDED AND ASSISTED BY HER HUSBAND, J. J. B.
WHITE, (INTERVENORS,) PLAINTIFFS IN ERROR,
v.
WRIGHT, WILLIAMS, & CO.
 December Term, 1859
 
 THIS case was brought up from the Supreme Court of Louisiana by a writ of error issued under the twenty-fifth section of the judiciary act.
 It originated in the Fourth District Court of New Orleans, upon the petition of Hamilton W. Wright, who stated that he was the sole assignee of the rights and interests of the late commercial firm of Wright, Williams, & Co. The petition then stated that J. J. B. White, who resided out of the State of Louisiana, was indebted to the petitioner, as such assignee, in the sum of $9,509.32 with interest, and prayed for an attachment upon his property. The writ was issued, and levied upon one hundred and fifty-four bales of cotton on board the steamboat Sallie Robinson. The consignees, Oakey, Hawkins, & Co., intervened, and claimed the cotton as the property of O'Donnell; and afterwards Rebecca J. White, the wife of the defendant, and Mrs. S. C. W. Faust, intervened, and claimed the cotton attached as their joint, undivided, separate property.
 The writ of attachment was issued on the 17th November, 1856.
 On the 29th May, 1857, the case thus being at issue, the plaintiff filed an amended and supplemental petition, in which he states that since the institution of this suit, upon the 29th of December, 1856, at a Circuit Court in and for the fifth judicial district of the State of Mississippi, in and for the county of Yazoo, a judgment was rendered in favor of petitioner, against the defendant, White, for the same subject matter stated in the original petition filed in this cause, as appears by the annexed transcript of the proceedings in this case filed for reference, and as part of said supplemental and amended petition, and prayed for judgment as in said original petition.
 On June 11th, 1857, the defendant through his curator filed an exception to the amended petition, on the ground that the original cause of action, if any ever existed, had been merged in the judgment rendered in the State of Mississippi; that this court, by the proceedings of plaintiffs, had been divested of jurisdiction in the matters in controversy, and should be dismissed at plaintiffs' costs. He further plead res judicata.
 On the 19th of November, 1857, the intervenors filed similar pleas.
 The Fourth District Court decided as follows, viz:
 Article 419, C. P., declares: 'After issue joined, the plaintiff may, with the leave of the court, amend his original petition, provided the amendment does not alter the substance of his demand by making it different from the one originally brought.'
 The original debt sued on has been merged in the judgment rendered in the State of Mississippi; and, as the judgment is entitled to the same force and effect as if rendered in Louisiana, no action can be maintained on the original cause of action, viz: the open account.
 2 N. S., 604.
 The allegations in the supplemental petition alter the substance of the demand within the meaning of article 419, C. P.
 See Dennistoun v. Payne, 7 Ann., 334.
 Oakey v. Murphy, 1 Ann., 372; 3 Ann., 375, 388.
 The amendment cannot be allowed; and, as the original cause of action has been destroyed by the plaintiffs' own showing, it follows that the exceptions must be sustained, and plaintiffs' petition be dismissed with costs, which is accordingly hereby ordered.
 Upon the construction of article 419, Code of Practice, (together with other points which have no connection with this report,) the case went up to the Supreme Court, which reversed the judgment of the court below, and gave judgment for the plaintiff.
 The opinion of the Supreme Court upon the point whether the allegation of the judgment in Mississippi altered the substance of the demand, within the meaning of article 419, was as follows:
 3. The exception filed by the attorney appointed to represent the defendant should have been overruled. The plaintiff had the right, under the law of Louisiana, to sue the defendant in the courts of this State, and also in the courts of Mississippi, at the same time, and for the same cause of action. This right necessarily carries with it the accessory right to prosecute the suits in the courts of the two different States to final judgments on the merits. This right is remedial, and is intended to secure to the creditor all possible means for the collection of his debt in different jurisdictions. If the exception filed on behalf of defendant were sufficient in law to dismiss the plaintiffs' action, the right to institute separate actions in different States for the same debt would be nugatory; for, so soon as a judgment should be obtained in one State, it could be made the means of dismissing the suit in the other, and thereby deprive the creditor of the fruits of his diligence in the undecided suit.
 Conceding that the account sued on was merged in the Mississippi judgment, the debt was not thereby extinguished, but established to be due and owing from the defendant to the plaintiff. This judgment in Mississippi is only evidence of the existence of the debt, for the recovery of which this suit was instituted, the affidavit was made, the attachment bond was given, and the writ of attachment issued, and there is no legal reason why this judgment should not be substituted, by way of amendment, as the cause of action, in place of the account, for the purpose of maintaining the attachment.
 The fact that the judgment is for a greater amount than claimed and sworn to by the plaintiff is immaterial, for the reason that the attachment is only valid as against the property for the amount sworn to, whatever may be the amount claimed in the petition.
 The supplemental petition did not change the substance of the demand. The prayer of the original petition is, that the attachment be maintained, and that the defendant be condemned to pay the sum of $9,509.32 and interest, with privilege upon the property attached, and the prayer of the supplemental petition is the same.
 The defendant and intervenors sued out a writ of error under the twenty-fifth section of the judiciary act, and brought the case up to this court.
 Mr. Benjamin moved to dismiss the writ of error, because this case is not one in which this court has jurisdiction to revise the decision of the Supreme Court of Louisiana under the twenty-fifth section.
 Mr. Justice McLEAN delivered the opinion of the court.
 
 
 1
 This is a writ of error to the Supreme Court of the State of Louisiana.
 
 
 2
 The defendant in error, by his counsel, J. P. Benjamin, Esq., moves the court that the writ of error issued in this cause be dismissed, for the reason that this case is not one in which the court has jurisdiction to revise the decision of the Supreme Court of Louisiana.
 
 
 3
 On looking into the record, there appears to be no ground on which this writ of error can be maintained. There is no complaint that the obligation of a contract has been impaired, nor that any right has been claimed and refused under any treaty or act of Congress. The cause must therefore be dismissed, for want of jurisdiction.